IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA FLEMING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1336-SMY |
| | ) |
| AMTRAK TRANSPORTATION SERVICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joshua Fleming, an inmate incarcerated at Shawnee Correctional Center, filed this *pro se* personal injury action against Amtrak Transportation Service. Fleming's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 2) and Motion for Recruitment of Counsel (Doc. 3) are now before the Court. For the following reasons, the motions are **DENIED**, and Fleming's Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Fleming has sufficiently demonstrated his indigence through his motion and accompanying affidavit. He is incarcerated, has no income, and currently has $11.19 in his Inmate Trust Fund Account. As such, Fleming is unable to pay the costs of commencing his lawsuit. However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.  The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").  Thus, pursuant to 1915(e)(2), the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds.  The Court may *sua sponte* dismiss a case at Section 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint ... that it renders the suit frivolous." *Terry v. Spencer,* 888 F. 3d 890, 894 (7th Cir. 2018) (citations omitted).

Fleming alleges that on October 2, 2019, he was walking across train tracks wearing headphones when he was struck by an oncoming Amtrak train.  He claims that there were no blinking lights, signs, or anything to warn him of the oncoming train.  He suffered severe injuries and was hospitalized at St. Louis University Hospital for two months.  He seeks monetary damages and an order requiring Amtrak to put up a fence and "no trespassing" signs.

Illinois' statute of limitations for personal injury actions is two years. *See* 735 ILCS 5/13-202.  "As a general rule, a cause of action for personal injury accrues at the time [a] plaintiff suffers injury." *Paulsen v. Abbott Lab'ys*, 39 F.4th 473 (7th Cir. 2022) quoting *Wilson v. Devonshire Realty of Danville*, 718 N.E.2d 700, 704 (1999) (citation omitted).  As such, Fleming's personal injury claims accrued on October 2, 2019, the day of the incident.  Because more than two years elapsed between the accrual of the claims in October 2019 and the filing of the Complaint herein in June 2022, Fleming's claims are time barred by the applicable statute of limitations.

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice** as time-barred and his motion to proceed *in forma pauperis* (Doc. 2) and motion for recruitment of counsel (Doc. 3) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 20, 2022**

**STACI M. YANDLE**
**United States District Judge**